Filed 10/22/15  P. v. Egal CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B256245 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA417163) |
| v. | |
| ALI O. EGAL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ali O. Egal appeals from a judgment convicting him of driving under the influence (DUI), arguing the trial court erred in denying his motion for a new trial based upon jury misconduct. Defendant contends hearsay evidence that a juror had stated defendant's failure to testify at trial was detrimental to his case obligated the trial court to hold an evidentiary hearing as to whether misconduct had occurred and whether it was prejudicial. We conclude that hearsay evidence of juror misconduct gives rise to no duty for the court to conduct further inquiries. We therefore affirm.

**Background**

On the morning of September 15, 2013, defendant attempted to avoid a driver sobriety checkpoint in Los Angeles by making an illegal turn. When instructed by a police officer to pull over to the curb, defendant at first stopped in the middle of the street, waited a while, staring at the officer, then abruptly turned his car to the curb at a 45-degree angle, narrowly missing a power pole, and left the car in drive. When police instructed him to put the car in park, defendant instead shifted into reverse, backed into the street, then with some difficulty made several attempts to parallel park, eventually stopping five feet from the curb. Defendant smelled strongly of alcohol and walked with an unsteady gait, and his eyes were bloodshot and his clothing disheveled. He denied having consumed any alcohol or medication that day or suffering from any physical defect or medical condition. Police then administered five field sobriety tests, each of which defendant failed. At the police station, defendant failed eight times to complete a breathalyzer test, appearing purposefully to blow onto the machine rather than into it, and was placed in a cell, where he urinated on the floor and defecated in his pants. Approximately an hour and 45 minutes after the arrest, a blood test showed defendant's blood alcohol content was .15 percent.

A jury found defendant guilty of driving under the influence of alcohol and driving with a blood alcohol level of .08 percent or more (Veh. Code, § 23152, subds. (a) & (b)), and it was determined he had suffered a prior felony DUI or vehicular manslaughter conviction and a conviction for felony DUI causing injury within the prior 10 years (*ibid*.; Veh. Code, § 23550.5, subd. (a)). It was further found defendant had

served three prior prison terms and suffered a prior strike conviction. (Pen. Code, §§ 667.5, subds. (b)-(j), 1170.12.)

After the verdicts, defendant moved for a new trial on the ground of juror misconduct. In support of the motion, defense counsel declared he spoke with a group of four jurors after deliberations, and the jury foreperson told him defendant's failure to testify "was detrimental to his case, because the jury 'never got to hear his side of the story.'" Counsel further declared that when he asked the foreperson if the jury had discussed defendant's failure to testify during deliberations, the foreperson responded, "'No. A little bit, but not really.'"

The trial court denied defendant's motion, finding he failed to establish prejudice. "[M]aybe one or two or a few of the jurors opined that it would have been nice to have heard from" defendant, the court observed, but there was no "suggestion that they held this against him in any way," and the prosecution evidence was "very strong" and "compelling."

Defendant was sentenced to eight years in prison. He timely appealed.

## DISCUSSION

Defendant contends his trial attorney's representation that juror misconduct occurred obligated the trial court to authorize further inquiries rather than simply deny his motion. He further contends the trial court applied an incorrect standard of prejudice.

A criminal defendant has the fundamental right "to trial by a jury that considers only the evidence admitted in court." (*People v. Stanley* (1995) 10 Cal.4th 764, 836 (*Stanely*).) A new trial may be granted when "the jury has . . . been guilty of any misconduct by which a fair and due consideration of the case has been prevented." (Pen. Code, § 1181, subd. (3).) It is misconduct for a jury to violate a court's instruction not to discuss a defendant's failure to testify. (*People v. Lavender* (2014) 60 Cal.4th 679, 687.) The defense bears the burden of establishing misconduct. (*Stanley*, *supra*, at p. 836.)

"When a party seeks a new trial based upon jury misconduct, a court must undertake a three-step inquiry. The court must first determine whether the affidavits supporting the motion are admissible. [Citation.] If the evidence is admissible, the court

3

must then consider whether the facts establish misconduct.  [Citation.]  Finally, assuming misconduct, the court must determine whether the misconduct was prejudicial.  [Citations.]  A trial court has broad discretion in ruling on each of these questions and its rulings will not be disturbed absent a clear abuse of discretion."  (*People v. Perez* (1992) 4 Cal.App.4th 893, 906.)

"Upon an inquiry as to the validity of a verdict, any otherwise admissible evidence may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room, of such a character as is likely to have influenced the verdict improperly."  (Evid. Code, § 1150, subd. (a).)  "Admission of jurors' affidavits within the limits set by [Evidence Code] section 1150 protects the stability of verdicts, and allows proof by the best evidence of misconduct on the part of either jurors or third parties that should be exposed, misconduct upon which no verdict should be based."  "Admission of this best evidence of misconduct or improper influence at a motion for new trial . . . would not present a breach in the post verdict privacy of jury deliberations."  (*People v. Hutchinson* (1969) 71 Cal.2d 342, 350.)

Although evidence of statements made in the jury room are admissible, "'[n]o evidence is admissible to show the *effect* of such statement[s] . . . upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined.'  [Citation.]  Thus, jurors may testify to 'overt acts'—that is, such statements, conduct, conditions, or events as are 'open to sight, hearing, and the other senses and thus subject to corroboration'—but may not testify to 'the subjective reasoning processes of the individual juror . . . .'"  (*In re Stankewitz* (1985) 40 Cal.3d 391, 397-398.)

It is well established that "'a jury verdict may not be impeached by hearsay affidavits.'"  (*People v. Williams* (1988) 45 Cal.3d 1268, 1318 ["sole evidence of the alleged misconduct was the declaration of a defense investigator that purports to relate a conversation with [a] juror"].)  Hearsay evidence neither establishes jury misconduct nor obligates the trial court to conduct an evidentiary hearing on the issue.  (*People v. Dykes* (2009) 46 Cal.4th 731, 810; *People v. Avila* (2006) 38 Cal.4th 491, 605 ["'hearsay is not

4

sufficient to trigger the court's duty to make further inquiries into a claim of juror misconduct'"]; *People v. Hayes* (1999) 21 Cal.4th 1211, 1256 [same]; *People v. Cox* (1991) 53 Cal.3d 618, 697 [same; overruled on another ground by *People v. Doolin* (2009) 45 Cal.4th 390, 421]; see *People v. Williams*, *supra*, 45 Cal.3d at p. 1319, fn. 5 [defendant's failure to "obtain and present the declaration of the juror herself" does not obligate the court to conduct an evidentiary inquiry into jury misconduct].)

Defendant offers no reason to deviate from the well established rule governing unsworn hearsay as a basis for a motion for new trial or for a request to hold an evidentiary hearing, and we discern none. Defense counsel evidently had access to at least four jurors, and nothing suggested, and defendant does not claim, that counsel could not have obtained juror declarations or requested a continuance to secure them.

Defendant argues the trial court should have conducted an evidentiary hearing because the appellate courts in *People v. Bryant* (2011) 191 Cal.App.4th 1457 (*Bryant*) and *People v. Perez*, *supra*, 4 Cal.App.4th 893 (*Perez*) remanded for such a hearing even though the only evidence of juror misconduct in those cases was hearsay. We are unpersuaded. In *Bryant*, the trial court suggested that the parties waive their objections to unsworn juror statements and, relying on those statements, found that misconduct occurred but was nonprejudicial. (*Bryant*, at p. 1466.) The appellate court held it was error to reach the merits of the misconduct issue based on unsworn statements, and stated that "[b]ecause the parties waived any objection to the unsworn statements at the suggestion of the trial court, the appropriate remedy [was] to return the matter to the trial court for a full and complete hearing with competent evidence." (*Id*. at p. 1471.) In *Perez*, the defendant moved for a new trial based on jury misconduct, stating one juror had told defense counsel that several others had mentioned during deliberations that defendant failed to testify. The trial court assumed for the sake of argument that such a discussion took place, but stated evidence of juror thought processes would be inadmissible. It denied defendant's motion without further explanation. (*Perez*, *supra*, 4 Cal.App.4th at pp. 905-906.) The appellate court reversed and remanded for further proceedings, stating that on remand, the trial court should not simply assume misconduct

5

occurred, but should follow the procedure required by law, i.e., require that juror declarations be obtained. (*Id*. at p. 909.)

Neither *Bryant* nor *Perez* espoused the proposition that a trial court abuses its discretion when it denies a motion for new trial supported only by unsworn hearsay. We think it more probable the courts remanded for further proceedings because the circumstances were somewhat unusual, in that the trial courts in each case encouraged to some extent the parties' failure to develop the record fully, *Bryant* by suggesting that the parties waive their objections to unsworn juror statements and *Perez* by implicitly (and erroneously) suggesting evidence of an improper discussion in the jury room would be inadmissible. Here, in contrast, nothing suggests defendant was lulled into foregoing the gathering of admissible support for his motion for new trial.

In any event, "a trial court does not abuse its discretion in declining to conduct an evidentiary hearing on the issue of juror misconduct when the evidence proffered in support constitutes hearsay." (*People v. Dykes*, *supra*, 46 Cal.4th at p. 810.) "'Such a hearing should be held only when the court concludes an evidentiary hearing is "necessary to resolve material, disputed issues of fact." [Citation.] "The hearing . . . should be held only when the defense has come forward with evidence demonstrating a strong possibility that prejudicial misconduct has occurred. Even upon such a showing, an evidentiary hearing will generally be unnecessary unless the parties' evidence presents a material conflict that can only be resolved at such a hearing." [Citations.]'" (*Id*. at pp. 809-810, fn. omitted.)

Here, the only evidence of misconduct was defendant's counsel's statement that one juror told him defendant's failure to testify was discussed by the jury "[a] little bit, but not really." But "'[t]ransitory comments of wonderment and curiosity' about a defendant's failure to testify, although technically misconduct, 'are normally innocuous, particularly when a comment stands alone without any further discussion.'" (*People v. Avila* (2009) 46 Cal.4th 680, 727.) Defendant's counsel's representation—that a minimal and transitory jury discussion took place about defendant's failure to testify—failed to demonstrate "a strong possibility that prejudicial misconduct has occurred." (*People v.*

6

*Dykes*, *supra*, 46 Cal.4th at p. 809.) Therefore, no evidentiary hearing was necessary and the trial court was within its discretion to deny defendant's motion for new trial.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

JOHNSON, J.

7